E. T. DAVIS AND H. E. GRAHAM PARTNERS, DOING BUSINESS AS THE WEST FLORIDA ABSTRACT & REALTY COMPANY, APPELLANTS, v. A. M. McMILLAN, APPELLEE.

See the head-notes to case in mandamus decided at the present term wherein the above appellants as relators were plain-tiffs in error and the above appellee was defendant in error.

This case was decided by Division B.

Appeal from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the Court.

*Maxwell & Reeves*, for Appellants.

*E. D. Beggs* and *Blount & Blount*, for Appellee.

PER CURIAM. The appellants filed their bill in equity in the Circuit Court of Escambia county against the appellee, alleging in substance that they were engaged in making a set of abstract books

of the titles to all the real estate in Escambia county for use in their own business as real estate dealers and to furnish abstracts of title to such persons as desired to purchase them at a price. That the defendant, who is the Clerk of the Circuit Court for said county and custodian of all the public records affecting titles to real estate in said county, refused to let them have access to said records for the purpose of inspection thereof and making extracts therefrom, unless the complainants paid him an exhorbitant compensation for such access; that complainants and their assistants in the examination of such records and making extracts therefrom do not require, ask or desire any service or assistance from the defendant clerk or his deputies, all they desire being reasonable unobstructed access to the said public records.

The bill prayed that the defendant clerk be restrained and enjoined from preventing complainants and their employes from having the desired access to said public records during office hours and from taking extracts therefrom.

The defendant clerk answered the bill in which he also incorporated a demurrer. The answer admits the denial by the defendant to the complainants and their employes of access to the records for the purpose of making a complete set of abstracts of the titles to all the lands in the county, and contends that complainants have no such right without payment to him of a reasonable compensation for such access; and contends that as the complainants have no present or prospective interest in the titles to the real estate of the county, except to a small fraction thereof, they have no right to inspect such records or to make extracts therefrom except as to property in which they have a present or immediately prospective interest.

On the hearing upon the bill, answer and demurrer the court below sustained the said answer, denied the injunction prayed, and dismissed the bill. From this decree the complainants below have appealed here.

For the reasons stated at length in the case just decided at the present term wherein the parties appellant herein were plaintiffs in error and the party appellee herein was defendant in error, that involved a mandamus proceeding instituted by the appellants herein against the appellee herein to compel the granting by the latter to the former of access to said public records for the purpose of taking extracts therefrom, the court below erred in rendering the decree appealed from in this case; and for the reasons stated in said mandamus cause between the same parties, the said decree of the court below is hereby reversed at the cost of appellee, with directions for such further proceedings therein as may be in consonance with law and equity and not inconsistent with this opinion. The question as to which is the proper forum to administer the relief to which the appellants are entitled in the premises, whether at law, by mandamus or by bill in equity, has been waived by the parties here, that question has not, therefore, been considered or determined, but is hereby left open to the determination of the Circuit Court.

TAYLOR, HOCKER and COCKRELL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD, J., concur in the opinion.

CARTER, J., dissents.